# In the United States Court of Federal Claims

No. 17-488L
(Filed: January 24, 2018)
NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| YANKTON COUNTY, SOUTH DAKOTA, a County of the State of South Dakota, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Motion for Reconsideration; RCFC 59(a)(1); Failure to Raise Argument; Newly Discovered Evidence |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPINION AND ORDER**

Plaintiff Yankton County, South Dakota moves, pursuant to Rule 59(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), for reconsideration of the court's December 21, 2017 opinion and order dismissing plaintiff's claim for lack of subject matter jurisdiction. For the reasons set forth below, the court denies plaintiff's motion.

**I. BACKGROUND**

Plaintiff alleges that certain dam construction and operation activities undertaken by the United States Army Corps of Engineers along the Missouri River have led to an unnatural alteration of the banks of the James River, effecting a taking of plaintiff's property and causing damage to two bridges owned by plaintiff without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution. A description of the relevant geography, the impacts of dam construction, the mitigation efforts undertaken by plaintiff, plaintiff's exploration of bridge replacement, and the procedural history of this case are provided in the court's December 21, 2017 ruling and need not be repeated herein. See Yankton Cnty., S.D. v. United States, No. 17-488L, 2017 WL 6524662, at \*1-4 (Fed. Cl. Dec. 21, 2017).

Plaintiff avers that it was ignorant of its claim prior to November 17, 2011, when it received a report from Black and Veatch Engineers (the "Black and Veatch report"). Id. at \*3, \*6-7. The court explained that it "need not determine the specific date" on which plaintiff's claim accrued, and declared that "[w]henever it may have been, plaintiff's duty to investigate arose no later than March 28, 2011—the last date on which any data relied upon in the Black and Veatch [r]eport was produced." Id. at \*9. The court then concluded that it lacked jurisdiction to

entertain the instant case because plaintiff did not file its complaint until April 6, 2017, more than six years later. Id. at *4, *9.

Plaintiff now moves for reconsideration, arguing that it has "obtained additional evidence supporting its position[] that it did not know or have reason to know its claim existed until after April 6, 2011." Pl.'s Br. Supp. Mot. Recons. ("Pl.'s Br.") ¶ 3. Plaintiff avers that although "[f]low measurements and photographs were taken on March 28, 2011 . . . , that information [was not made available] to a representative of [plaintiff] until the November 17, 2011 report." Id. ¶ 4. Plaintiff filed an affidavit in support of its motion, attaching copies of certain correspondence as exhibits:

- Letter from Jeff Henson, Black and Veatch Engineering, to Peter Johnson, Johnson Engineering Company ("Johnson Engineering"),[1] dated November 18, 2011, transmitting the Black and Veatch report, Healy Aff. Ex. 1;

- Electronic-mail correspondence between Mr. Henson, Mr. Johnson, and others, dated November 22, 2011, through December 5, 2011, discussing the scope and cost of additional work and noting that the Black and Veatch report was forwarded to Yankton County Highway Superintendent Alan Sorenson and a South Dakota Department of Transportation engineer, id. Ex. 2; and

- Electronic-mail correspondence involving Johnson Engineering, Mr. Henson, Mr. Sorenson, and others discussing conditions on the James River and transmitting measurements taken on April 9, 2011, id. Ex 3.

## II. STANDARD OF REVIEW

A motion for reconsideration is a request for "extraordinary" relief and is not an avenue for a dissatisfied party to simply relitigate the case. Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004); Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007); Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd per curiam, 250 F.3d 762 (Fed. Cir. 2000) (unpublished table decision). Thus, such a motion does not allow a party to raise arguments that it failed to raise previously or reassert arguments that have already been considered. Four Rivers Invs., 78 Fed. Cl. at 664. Pursuant to RCFC 59(a)(1), the court "may

---

[1] The court's December 21, 2017 ruling referenced the "ongoing working relationship between plaintiff and Johnson Engineering." Yankton Cnty., 2017 WL 6524662, at *7. The court observed, for example, that Johnson Engineering has conducted routine biennial inspections of the bridges at issue for decades. Id. at *2. Plaintiff also describes Mr. Johnson as a "private engineer contracted with [plaintiff]." Pl.'s Br. ¶ 5.

grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (internal quotation marks omitted). A decision on a motion for reconsideration is within the discretion of the trial court. See Entergy Nuclear FitzPatrick, LLC v. United States, 711 F.3d 1382, 1386 (Fed. Cir. 2013) (explaining that a decision on a motion for reconsideration is reviewed on appeal for abuse of discretion).

### III. ANALYSIS

Plaintiff does not allege that there has been an intervening change in law since December 21, 2017, nor is the court aware of any. Further, plaintiff does not contend that reconsideration is necessary to prevent manifest injustice or that the court made a clear factual or legal error, and the court finds that no such reason applies here. Rather, plaintiff bases its motion for reconsideration on the "additional evidence" that it provided via affidavit.

As an initial matter, plaintiff fails to describe why its "additional evidence" was previously unavailable. See Matthews v. United States, 73 Fed. Cl. 524, 526 (2006). By its very nature, the correspondence provided by plaintiff was all contemporaneously in the possession of Johnson Engineering—and thus in plaintiff's constructive possession, Yankton Cnty., 2017 WL 6524662, at *7—or in plaintiff's direct possession. Thus, the proffered additional evidence appears to have been available to plaintiff, even if plaintiff was unaware of its existence. Undiscovered evidence does not equate to unavailable evidence. Evidence that is undiscovered, but not unavailable, does not provide sufficient grounds upon which to grant a motion for reconsideration. Here, because plaintiff bases its motion for reconsideration on additional evidence that was previously available (even if undiscovered), plaintiff's motion amounts to an attempt to "raise arguments that it could have raised previously, but did not." Four Rivers Invs., 78 Fed. Cl. 664.

Assuming (without deciding) that plaintiff's additional evidence was previously unavailable, plaintiff fails to demonstrate how this "new" evidence would change the court's prior conclusions. See Pieczenik v. Dyax Corp., 120 F. App'x 310, 311-12 (Fed. Cir. 2004) (unpublished decision) ("[Appellant] does not proffer how the alleged newly-discovered evidence could disturb the district court's rulings . . . . This court cannot accept a proffer of newly-discovered evidence as an invitation to reargue all of the issues previously decided . . . ."). In its ruling, the court explained that "[p]laintiff's 'access to the facts,' rather than plaintiff's 'actual knowledge of the facts giving rise to its claim,' is what ultimately matters." Yankton Cnty., 2017 WL 6524662, at *7 (quoting Central Pines Land Co. v. United States, 61 Fed. Cl. 527, 534 (2004)). The court emphasized that the accrual of plaintiff's claim was based on the primary data relied upon in the Black and Veatch report, not on the report itself. Id. at *9. Thus, the date on which plaintiff received the Black and Veatch report is immaterial:

> The Black and Veatch report is based on data, articles, and reports from 2010 and earlier; information collected by Johnson Engineering from 2008 and earlier; and a photograph of the James

>River taken on March 28, 2011. The data, articles, and reports were publicly available, and <u>plaintiff was not prevented from photographing the river itself on or before March 28, 2011</u>. Further, while the information from Johnson Engineering may not have been in the public domain or in plaintiff's actual possession, it was at least available to plaintiff (and thus in plaintiff's constructive possession) because of the ongoing working relationship between plaintiff and Johnson Engineering.

Id. at *7 (emphasis added).

Accordingly, to the extent that the additional evidence offered by plaintiff demonstrates that plaintiff had no actual knowledge of the data produced on March 28, 2011, until it received the Black and Veatch report on November 17, 2011, such evidence is unavailing. As the court indicated, it is of no moment whether plaintiff was actually in possession of such data because the data was certainly within plaintiff's reach. Plaintiff's motion essentially rehashes the same arguments previously made: that it did not know, and could not have known, of its claim accrual prior to November 17, 2011. The court has already considered those arguments and rejected them. See Dixon v. Shinseki, 741 F.3d 1367, 1378 (Fed. Cir. 2014) ("Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' . . . .").

Plaintiff thus fails to illustrate how its "newly discovered evidence" compels the court to reconsider its December 21, 2017 ruling.

### IV.  CONCLUSION

The court did not err in determining that plaintiff's claim accrued more than six years prior to the date on which plaintiff filed its complaint. There has been no intervening change in the law, a manifest injustice, or clear factual or legal error. Further, the new evidence that plaintiff relies upon is insufficient grounds for the court to reconsider its December 21, 2017 ruling because the evidence was previously available to plaintiff and, in any event, has no bearing on the court's prior conclusion regarding the statute of limitations. Plaintiff's motion boils down to an attempt to reargue the same points previously made.

Therefore, for the foregoing reasons, the court **DENIES** plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

>s/ Margaret M. Sweeney
>MARGARET M. SWEENEY
>Judge